DUNCAN McFADYEN *vs.* W. D. HARRINGTON.

The declarations of a supposed partner, in the absence of the other, are not admissible against the latter until the partnership has been proved *aliunde.*

Action on the Case commenced in 1858, in the County Court of MOORE, carried by appeal to the Superior Court, and tried before *Buxton, J.,* at Spring Term, 1872.

The suit was brought for the recovery of the value of a lot of cotton delivered to the defendant, by the plaintiff, to be ginned and carried to Fayetteville and sold. The plaintiff alleged that the defendant had sold and failed to account for the cotton. One ground of objection to the plaintiff's recovery was that the cotton was not the sole property of the plaintiff, but belonged to plaintiff and one O. S. Yarborough, as partners, and Yarborough ought to have been joined as party

plaintiff. The plaintiff testified that the cotton was his own, that Yarborough had had an interest in it, but he had settled with Yarborough for the latter's share, before the cotton was delivered to the plaintiff. The defendant then offered, as a witness, his son, who testified that he heard the plaintiff say, before the last picking of that crop of cotton, that he and Yarborough were in company together, and were to divide expenses and the crop. The defendant next offered to prove, by this witness, declarations made by Yarborough, in the absence of the plaintiff, as to the partnership between Yarborough and the plaintiff. The testimony was objected to and ruled out. Defendant excepted.

Verdict and judgment for the plaintiff; Appeal by the defendant.

*McDonald* for the plaintiff.
*Battle & Son* and *Howze* for the defendant.

Boyden, J. Two questions only are raised in this case;

First, that his Honor rejected competent evidence. The plaintiff had testified that he was the sole owner of the cotton at the time he delivered it to the defendant, that no one else had any interest in it. He further stated that O. S. Yarborough had had an interest in the cotton, but that before the delivery to the defendant, plaintiff had settled with Yarborough for his share of the cotton, and that he was then sole owner.

Defendant insisted, that inasmuch as the plaintiff and Yarborough had made the crop together upon shares, they were partners, and that although the plaintiff had purchased Yarborough's interest in the crop, and paid him for the same, and that although the defendant made the agreement with the plaintiff alone, as the plaintiff and Yarborough had made the cotton as partners, and although the partnership was at an end before the sale, still the defendant was entitled to notice of the dissolution of the partnership, and that before he received the

cotton of the plaintiff, and *that* even although he had never heard of the partnership until after the trade.

These positions were regarded by the Court as new, and no authority or reason was given for them by the counsel who pressed them with much earnestness, and the Court, being unaware of any authority or reason in the law of partnership for these positions, hold the decision of his Honor correct.

The defendant then called his son James, who testified that, before the last picking of the cotton, he heard the plaintiff say, that he and Yarborough were in company together, and were to divide the expenses and the crop.

The defendant then offered to prove by this witness declarations made by Yarborough, in the absence of the plaintiff, as to Yarborough and the plaintiff being partners. To this evidence the plaintiff objected, and it was rejected by the Court. In this there was no error. For if the fact thus proposed to be proved was competent evidence for any purpose, the witness Yarborough, who knew the facts, should have been called to prove them. They could not be proved in the manner proposed. There was no error in rejecting this evidence.

PER CURIAM.                                        Judgment affirmed.